# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:05CV-P300-H

**ANDRE CORTEZ BRADFORD**                                      **PLAINTIFF**

v.

**JAMES HAMMOND** *et al*                                         **DEFENDANTS**

## MEMORANDUM OPINION

The plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983"). Because the plaintiff failed to exhaust his available administrative remedies prior to filing suit, the court will dismiss the action without prejudice pursuant to 42 U.S.C. § 1997e(a).

## I. SUMMARY OF CLAIMS

The plaintiff, Andre Cortez Bradford, is a pretrial detainee currently incarcerated with the Louisville Metro Corrections. He initiated this civil rights action after he was subjected to a physical assault by two corrections officers. To this end, he brings official capacity claims against and seeks monetary damages from the following persons: Officer James Hammond, Officer Josh Garrett, Corrections Director Tom Campbell, and Asst. Direction Dwayne Clark.

The incident giving rise to this action occurred when Defendant Garrett was conducting a physical search of the plaintiff. Because the plaintiff thought the officer was rude, he so informed the officer by stating that he "[didn't] like his attitude." Defendant Garrett thereafter cuffed the plaintiff after directing him to place his hands behind his back. After the plaintiff was taken to the "west hole," he admits he started kicking the door and yelling for another officer. He claims that Officers Garrett and Hammond responded by ordering him to lie on the cell's bench. The plaintiff claims that at the point he was "scared for [his] life," so he complied.

Notwithstanding the fact that the plaintiff was cuffed and sitting on the bench, he claims that the two officers grabbed his face, wrestled him down, gave him a "body shot," and punched him while making racially derogatory remarks. He claims that they repeatedly punched and kneed his right eye. After the assault, the plaintiff states they falsely charged him with assault. The plaintiff did file a grievance, but he named only Officers Hammond and Garrett in the grievance and abandoned the process after the first step.

## II. ANALYSIS

An inmate is required to exhaust his available remedies prior to filing suit in federal court, and he bears the burden of alleging and showing that he has exhausted those remedies. *See* 42 U.S.C. § 1997e(a)[1] and *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A primary purpose of the exhaustion requirement is to force an inmate to go through the administrative process so as to give the prison officials an opportunity to take corrective action that would keep the inmate from filing suit. *Porter v. Nussle,* 534 U.S. 516, 525 (2002). To this end, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997); *see also Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004) (holding that an inmate "may not circumvent the exhaustion requirement simply by waiting to bring a Section 1983 action until [his] administrative complaints are time-barred. Such a rule

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

would not comport with the purposes of the PLRA ..."). And, the inmate is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2]

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Brown,* 139 F.3d at 1104. If the prisoner does not possess the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000). Should the authorities to whom the inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). A district court must dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies, *Brown,* 139 F.3d at 1102, and it must dismiss the complaint if it contains both exhausted and unexhausted claims. *Jones Bey v. Johnson*, 407 F3d. 801, 805 (6th Cir. 2005).

The Louisville Metropolitan Corrections System has a multi-step grievance mechanism available to all inmates which is set forth in Policy No. 11.14. The inmate must first attempt to

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

resolve his grievance through an informal resolution with the assistance of a staff member. If the inmate is dissatisfied with the proposed resolution at this stage, he may submit a formal grievance to a staff member or forward the grievance to the Shift Commander for review. If the Shift Commander cannot resolve the issue to the inmate's satisfaction, the inmate may file an appeal to the appropriate Divisional Director. If the inmate is not satisfied with the decision by the Divisional Director, he may file an appeal with the Lt. Colonel of the Jefferson County Corrections Department. The Lt. Colonel may act on the appeal or forward the matter to an investigator for further review. Finally, if the grievance is not resolved at this stage, the inmate may appeal the decision to the Chief/Director of the Department of Corrections. Once the inmate has taken the grievance through these channels, he has exhausted his administrative remedies. If during the course of the process, the appropriate official fails to respond to his grievance, the inmate may move on to the next step in the review process.

     Here, it appears that the plaintiff partially exhausted his remedies. According to his complaint, he never advanced beyond the first step in the grievance process. Though he claims that he received no response, he did not pursue the appeal further as he could have done. Moreover, it does not appear that he filed a grievance against all of the named defendants as he is required to do. Because the plaintiff failed to comply with the exhaustion requirement, the court must dismiss his case. In the event that he exhausts his remedies with respect to each defendant named, he may institute another civil rights action.

The court will enter an order that is consistent with this memorandum opinion.

Date:

cc: Plaintiff *pro se*
Defendants
4412.002